UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case Number 10-20185
    Honorable Thomas L. Ludington

D-1 HUEY WRIGHT, II,
D-2 PATRICK ALLEN MARTIN,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR DETERMINATION
OF APPLICABILITY OF THE FAIR SENTENCING ACT OF 2010
AND FINDING THE FSA INAPPLICABLE**

On May 14, 2010, Defendant Huey Wright ("Wright") was indicted on two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) for crimes that occurred between September and October 2009 [Dkt. #3]. In the first superseding indictment on July 14, 2010, Defendants Wright and Patrick Allen Martin ("Martin") were both indicted on one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Wright was indicted on two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and Martin was indicted on three counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), one count of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 860, and one count of manufacturing cocaine in violation of 21 U.S.C. § 841(a)(1) and 860 for crimes the occurred between August and October 2009 . On

February 22, 2011, Defendant Wright filed a motion for determination of applicability of Fair Sentencing Act of 2010 [Dkt. #30]. The government filed a response on February 22, 2011 [Dkt. #32]. Defendant Martin filed a joinder in Wright's motion on February 23, 2011 [Dkt. #32] and the government filed a response to Martin's joinder in the motion on March 1, 2011 [Dkt. #34].

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will **GRANT** Defendants' motion for determination and find the Fair Sentencing Act of 2010 **INAPPLICABLE** to the instant case.

I

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 (the "FSA" or the "Act") into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The statute reduces the disparity between the mandatory prison sentences that apply to offenses involving powder cocaine compared to offenses involving cocaine base or crack cocaine. At the time Defendants were indicted, a conviction for distribution of fifty grams of crack cocaine triggered a mandatory minimum of ten years imprisonment. By contrast, a defendant could distribute up to 5000 grams of powder cocaine before the mandatory minimum of ten years imprisonment was triggered. The 100-to-1 disparity was reduced to approximately 18-to-1 by the statute, which raised the quantity of crack cocaine that triggers the ten-year minimum prison sentence to 280 grams.

Defendants are not entitled to relief because the FSA does not apply retroactively. Rather, the general savings statute, 1 U.S.C. § 109, applies to "bar the application of ameliorative criminal

sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 563, 661 (1974). The savings statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. Accordingly, the Fair Sentencing Act does not "extinguish any penalty" that was imposed before its enactment, unless the new statute "expressly provides" to the contrary. There is no express provision in the FSA which would indicate that it has any retroactive applicability. Accordingly, it provides no benefit for defendants who were convicted and sentenced before it was passed.

Furthermore, the Sixth Circuit has reached the same conclusion concerning the retroactive application of the Fair Sentencing Act. In *United States v. Carradine*, the Sixth Circuit held that the general savings statute applies to the Fair Sentencing Act because there is "no express statement that it is retroactive." 621 F.3d 575, 580 (6th Cir. 2010). Defendants correctly assert that the factual position of the defendant in *Carradine* is distinguishable because he sought retroactive application of the FSA after sentencing and not a pretrial determination of the Act's application. However, the Sixth Circuit was clear regarding the Act's applicability when it stated that a court in this circuit "must apply the penalty provision in place at the time [a defendant] committed the crime in question." *Id.* As a result, even though Defendants have presented a good faith argument that the FSA should apply because they have not yet been convicted or sentenced, the Court is bound by Sixth Circuit precedent requiring application of the guidelines in place at the time the offenses

occurred.

## II

Accordingly, it is **ORDERED** that Defendants Wright and Martin's motion for determination of applicability of the Fair Sentencing Act of 2010 [Dkt. #30; Dkt. #32] is **GRANTED.**

It is further **ORDERED** that the Fair Sentencing Act is **INAPPLICABLE** and the applicable guidelines in this matter are those in place at the time the offenses occurred.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: March 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2011.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---