UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 10-CR-20185-1
                                                 Honorable Thomas L. Ludington

HUEY WRIGHT, II,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On September 15, 2011, Defendant Huey Wright II pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a). ECF No. 47. He was sentenced to 142 months imprisonment. ECF No. 48. He is currently housed at Federal Prison Camp, Yankton ("FPC Yankton") in South Dakota. On August 24, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic and his health condition. On October 30, 2020, Defendant's motion was denied. ECF No. 68. On November 2, 2020, Defendant sent a letter to this Court that he described as an "emergency motion." ECF No. 69 at PageID.375. The letter is construed as a motion for reconsideration under Local Rule 7.1(h). For the reasons stated below, Defendant's motion will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d

731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

Defendant is currently in a 21-day quarantine at FPC Yankton awaiting transfer to a halfway house in Detroit, Michigan. ECF No. 69 at PageID.375 (indicating Defendant was set to begin quarantine on November 2, 2020). He complains that the facilities at FPC Yankton are unfit for quarantine and that "because of the community style living environment," he will "continue to be in danger" at the halfway house. *Id.*

The general risk of contracting COVID-19 while incarcerated does not warrant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Defendant's medical conditions were carefully considered in the prior order and found uncompelling:

> Defendant is a 40-year-old male who suffers from chronic kidney disease and has a 20-year history of smoking . . . Defendant argues that these conditions, along with being African American, put him at an elevated risk of developing a severe COVID-19 infection . . . Subsection (A) requires that Defendant suffer from either

>a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. Defendant's kidney disease and history of smoking, even in combination with the risk of COVID-19, fail to satisfy subsection (A). *See United States v. Gordon*, No. 92-81127, 2020 WL 4788023, at *5 (E.D. Mich. Aug. 18, 2020) (denying compassionate release for defendant with monitored chronic kidney disease and noting "renal disease is a risk factor that supports, but does not establish, [an] extraordinary and compelling reason[]"). While Defendant was diagnosed with Stage I Kidney Disease in 2012, ECF No. 65 at PageID.343, his condition does not seem to have substantially deteriorated. *C.f. United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255, at *19 (W.D. Pa. Aug. 20, 2020) (granting compassionate release for defendant with "near-end-stage kidney disease," type 2 diabetes, high blood pressure, and high cholesterol); *United States v. Saad*, No. 16-20197, 2020 WL 2251808, at *6 (E.D. Mich. May 5, 2020) (granting compassionate release to 71-year-old defendant with "chronic kidney disease, hypertension, pulmonary hypertension, and sleep apnea").
>
>In fact, since his 2012 diagnosis, Defendant has been classified under "Care Level 1," which is reserved for inmates that are "generally healthy" and whose medical needs "can be easily managed by clinician evaluations every 6–12 months." ECF No. 65 at PageID.342 (designating Defendant "CARE1" since March 2012); Fed. Bureau of Prisons, Care Level Classification for Medical and Mental Health Conditions or Disabilities 2 (2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf [https://perma.cc/CX4B-FB65]. Though Defendant's kidney disease and history of smoking put him at an elevated risk of developing serious COVID-19 symptoms, "a generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020).

ECF No. 68 at PageID.369–70 (internal citations omitted).

Defendant's claim that FPC Yankton is unfit for quarantine is unpersuasive. While FPC Yankton is currently reporting eight active COVID-19 infections, all are among staff. *COVID-19*, Bureau of Prisons, https://www.bop.gov/coronavirus/ [https://perma.cc/3WRB-M628] (last visited Nov. 13, 2020). In any case, Defendant will soon be transferred out of FPC Yankton.

Similarly, Defendant's concerns about the Detroit halfway house are speculative. Defendant has offered no reason to believe that the halfway house will disregard CDC guidelines. Moreover, without minimizing Defendant's concerns, "the pandemic is a global phenomenon and

- 4 -

some risk is inherent no matter where [Defendant] resides, either at home or in prison." *United States v. Ball*, No. 14-20117, 2020 WL 4816197, at *6 (E.D. Mich. Aug. 19, 2020). Accordingly, Defendant has not demonstrated that the prior order denying him compassionate release should be reconsidered.

### III.

Accordingly, it is **ORDERED** that Defendant Huey Wright II's Motion for Reconsideration, ECF No. 69, is **DENIED**.

Dated: November 19, 2020          s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Huey Wright, II** #42498-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 700, YANKTON, SD 57078 by first class U.S. mail on November 19, 2020.

                                  s/Kelly Winslow
                                  KELLY WINSLOW, Case Manager